42791.   KIRKLAND v. BAILEY, Executrix.

SUBMITTED MAY 1, 1967—DECIDED MAY 16, 1967.

*John Wright Jones,* for appellant.

*Grayson & Grayson, Spence M. Grayson,* for appellee.

JOSLIN, Judge. Exhibit "A", which has been made a part of the petition, is a document in which the defendant, Mrs. Kirkland, acknowledges the receipt of $1,700 as a "loan." It also contains the statement "in the event that this note is not paid in full." These words, in their techincal meaning and also in the general meaning given them by those using them in documents of this type, clearly import a receipt of money with the intent to repay. The word "loan" is defined in Webster's Unabridged Dictionary as the allowing of the use on a condition for the return of the equivalent in kind, such as to lend money. It further says that to loan is to let out money on condition, express or implied, of it being returned with interest. The word "note" is defined as a written paper acknowledging a debt and promising payment. In *Parsons v. Fox,* 179 Ga. 605, 607 (176 SE 642), the court said: "A loan may be defined as the delivery by one party to, and the receipt by another party of, a sum of money upon an agreement, express or implied, to repay the sum with or without interest."

It seems clear that Exhibit "A" shows a promise to pay $1,700 with interest, and, therefore, meets the requirements of a simple promissory note, and thus is not barred by the 4-year statute of limitation provided in *Code* § 3-706. The defendant-appellant states in her brief that if this is a promissory note, the action is not barred, and in the finding that this is a simple promissory note, it follows that the defenses of the statute of limitation are not good.

This case arose before the effective date of the Uniform Commercial Code and no suggestion is made as to its application to this situation.

It must be kept in mind that there is no problem here as to whether or not Exhibit "A" evidenced a negotiable promissory note. Our only concern here is whether or not the written document created a simple promissory note, and we are of the opinion that it did create such a note.

*Code* § 3-705 provides that all actions upon promissory notes, or other simple contracts in writing, shall be brought within 6 years after the same shall have become due and payable. It is admitted that this action has been brought within the 6-year period, and we do hold that the petition shows a promissory note. However, if this exhibit would not be considered a promissory note, yet it does clearly show a simple contract in writing for the payment of money, and, therefore, on this basis also the claim would not be barred. This disposes of all matters in regard to the statute of limitation.

The general demurrer on the grounds that the petition does not show a cause of action is clearly not well taken, as the petition alleges the loan, shows the note or simple contract in writing evidencing the promise to pay, and that demand for payment has been made and the defendant has refused.

1. The order overruling the defendant's demurrer on the grounds of the statute of limitation was, therefore, proper.

2. The order overruling the defendant's demurrer on the grounds that no cause of action was stated was also proper.

3. The order overruling the defendant's plea of the statute of limitation was proper.

*Judgment affirmed. Bell, P. J., concurs. Pannell, J., concurs in the judgment only.*